**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| RICHARD TAGLIAMONTE, | : | |
| | : | Civil Action No. 05-4614 (DMC) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| WALLY WANG, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

> RICHARD TAGLIAMONTE, Plaintiff pro se
> #29194-054
> Federal Detention Center Philadelphia
> P.O. Box 562
> Philadelphia, PA 19105-0562

**CAVANAUGH,** District Judge

Plaintiff Richard Tagliamonte ("Tagliamonte"), a federal pretrial detainee confined at FDC Philadelphia at the time he submitted this Complaint for filing, seeks to bring this civil rights action in forma pauperis under 28 U.S.C. § 1915(a). Based on his affidavit of indigence and current absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Tagliamonte's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be
granted, or because it seeks monetary relief from a defendant who
is immune from such relief.  For the reasons stated below, the
Court finds that the Complaint should be dismissed.

I.   BACKGROUND

The following factual allegations are taken from
Tagliamonte's Complaint and are accepted as true for purposes of
this review.

Tagliamonte alleges that, on January 14, 2004, defendant
Wally Wang, a Postal Inspector with the U.S. Postal Inspection
Service in Newark, New Jersey, and other John Doe inspectors,
conducted an illegal and warrantless search of plaintiff's
apartment.  During the 90-minute search, these defendants
allegedly seized, stole, damaged, destroyed, concealed and
removed plaintiff's personal property.  Tagliamonte further
asserts that defendant, John Doe, Assistant U.S. Attorney, knew
or should have known that the other defendants were conducting a
warrantless search, and conspired with these defendants to
conceal their illegal actions.  (Complaint, ¶¶ 4, 6).

Tagliamonte seeks money damages for lost property and
compensation for the anxiety and humiliation caused by
defendants' illegal acts.  He also seeks punitive damages and
reimbursement of costs.  Finally, Tagliamonte requests

appointment of counsel to assist him in this action.  (Compl., ¶ 7).

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.[1]

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must assume the truth of the allegations in the complaint and all

---

[1]  Tagliamonte should also be aware that the PLRA requires Courts to determine whether a prisoner has, on three or more prior occasions while incarcerated or detained in any facility, brought an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  If so, the prisoner is precluded from bringing an action in forma pauperis unless he or she is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).  It does not appear that Tagliamonte has filed any lawsuits which were dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, at this time.

reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff.  Gibson v. Superintendent of N.J. Dep't of Law & Pub. Safety-Division, 411 F.3d 427, 431 (3d Cir. 2005).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery

4

was not required to be dismissed for failure to state a claim;
district court should permit a curative amendment before
dismissing a complaint, unless an amendment would be futile or
inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103,
108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C.
§ 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir.
2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v.
Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).
A complaint that sets forth facts which affirmatively demonstrate
that the plaintiff has no right to recover is properly dismissed
without leave to amend.  Grayson, 293 F.3d at 106.

### III.  BIVENS ACTIONS

Tagliamonte brings this action pursuant to Bivens v. Six
Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388
(1971) and 28 U.S.C. § 1331, alleging violations of his
constitutional rights under the Fourth Amendment with respect to
what he claims was an unreasonable search and seizure conducted
at his apartment on January 14, 2004.[2]

---

[2]   Tagliamonte also asserts bald claims under several other
federal statutes, including the "RICO and Whistleblower
[statutes], 42 U.S.C. § 1982, et al." (Compl., ¶ 1).  Plaintiff
fails to allege any facts whatsoever to support a claim under the
federal whistleblower statute.  He simply refers to the statute
but recites no allegations applicable to a violation of the
general statute.  Therefore, this claim will be dismissed
accordingly.  The RICO claim is discussed in the text of this
Opinion, infra.

In <u>Bivens</u>, the Supreme Court held that one is entitled to recover monetary damages for injuries suffered as a result of federal officials' violations of the Fourth Amendment. In doing so, the Supreme Court created a new tort as it applied to federal officers, and a federal counterpart to the remedy created by 42 U.S.C. § 1983.[3] The Supreme Court has also implied <u>Bivens</u> damages remedies directly under the Eighth Amendment, <u>see</u> <u>Carlson v. Green</u>, 446 U.S. 14 (1980), and the Fifth Amendment, <u>see</u> <u>Davis v. Passman</u>, 442 U.S. 228 (1979). But "the absence of statutory relief for a constitutional violation does not necessarily mean that courts should create a damages remedy against the officer responsible for the violation." <u>Schreiber v. Mastrogiovanni</u>, 214 F.3d 148, 152 (3d Cir. 2000) (citing <u>Schweiker v. Chilicky</u>, 487 U.S. 412 (1988)).

In order to state a claim under <u>Bivens</u>, a claimant must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law. <u>See</u>

---

[3]   <u>Bivens</u> actions are simply the federal counterpart to § 1983 actions brought against state officials who violate federal constitutional or statutory rights. <u>Egervary v. Young</u>, 366 F.3d 238, 246 (3d Cir. 2004), <u>cert</u>. <u>denied</u>, 543 U.S. 1049 (2005). Both are designed to provide redress for constitutional violations. Thus, while the two bodies of law are not "precisely parallel," there is a "general trend" to incorporate § 1983 law into <u>Bivens</u> suits. <u>Chin v. Bowen</u>, 833 F.2d 21, 24 (2d Cir. 1987)). Therefore, this Court will analyze plaintiff's Bivens claims by reference to § 1983 case law.

Mahoney v. Nat'l Org. For Women, 681 F. Supp. 129, 132 (D. Conn. 1987)(citing Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56 (1978)).

The United States has sovereign immunity except where it consents to be sued.  United States v. Mitchell, 463 U.S. 206, 212 (1983).  In the absence of such a waiver of immunity, plaintiff cannot proceed in an action for damages against the United States or an agency of the federal government for alleged deprivation of a constitutional right, see FDIC v. Meyer, 510 U.S. 471, 484-87 (1994), or against any of the individual defendants in their official capacities, see Kentucky v. Graham, 473 U.S. 159, 166 (1985) (a suit against a government officer in his or her official capacity is a suit against the government). Plaintiff cites no authority, and the Court has located no such authority, to suggest that the United States has waived its sovereign immunity with respect to the sort of claim for damages that plaintiff seeks to assert against the defendant, the United States Postal Inspection Service.  Therefore, plaintiff's Bivens' claims against this defendant must be dismissed.

IV.  ANALYSIS

A.  Unlawful Search and Seizure Claim

Tagliamonte principally asserts that the defendants violated his Fourth Amendment rights when his residence was searched without a warrant and his personal property was taken, damaged,

concealed, and destroyed during an investigation that led to his indictment and pending criminal trial.  He seeks compensatory and punitive damages for this alleged violation of his constitutional rights.  Tagliamonte also seeks a declaratory judgment that the search was unlawful.

The Fourth Amendment protects individuals against unlawful searches and seizures, providing that:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized.

U.S. Const. Amend. IV.

To establish a claim under the Fourth Amendment, a plaintiff must show that the actions of the defendant: (1) constituted a "search" or "seizure" within the meaning of the Fourth Amendment, and (2) were "unreasonable" in light of the surrounding circumstances.  See Brower v. County of Inyo, 489 U.S. 593, 595-600 (1989)(affirming two-fold analysis).

A seizure of property occurs when there is some meaningful interference with an individual's possessory interests in that property.  See Sodal v. Cook County, 506 U.S. 56, 61-65 (1992). Where the seizure of property is unreasonable, the Fourth Amendment is implicated.  Id. at 71.  However, the Supreme Court has held that "[t]he test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical

application." <u>Bell v. Wolfish</u>, 441 U.S. 520, 559 (1979).  The
seizure must be scrutinized for its overall reasonableness under
the circumstances with a careful balancing of governmental and
private interests.  <u>Sodal</u>, 506 U.S. at 71.

    Here, the Court must determine whether Tagliamonte may
recover damages in a <u>Bivens</u> suit on the basis of an allegedly
illegal search and seizure while his federal criminal proceedings
resulting from the subject search and seizure are currently
pending.  The Court first looks to <u>Heck v. Humphrey</u>, 512 U.S. 477
(1994), in which the Supreme Court barred any suit for damages
premised on a civil rights violation if the basis for the suit is
inconsistent with or would undermine the lawfulness of a
conviction or sentence.  The Supreme Court held:

> [I]n order to recover damages for allegedly
> unconstitutional conviction or imprisonment, or for
> other harm caused by actions whose unlawfulness would
> render a conviction or sentence invalid, a § 1983
> plaintiff must prove that the conviction or sentence
> has been reversed on direct appeal, expunged by
> executive order, declared invalid by a state tribunal
> authorized to make such determination, or called into
> question by a federal court's issuance of a writ of
> habeas corpus, 28 U.S.C. § 2254.  A claim for damages
> bearing that relationship to a conviction or sentence
> that has <u>not</u> been so invalidated is not cognizable
> under § 1983.

512 U.S. at 486-87 (footnote omitted).  The Supreme Court further
instructed district courts, in determining whether a complaint
states a claim under § 1983, to evaluate whether a favorable

outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted).  The Court further held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." <u>Id.</u> at 489-90.

Specifically addressing, albeit in <u>dicta</u>, whether a § 1983 suit, for damages attributable to an allegedly unreasonable search, would lie in advance of a judicial determination of the invalidity of the related conviction, the Supreme Court said,

> For example, a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction.  Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not <u>necessarily</u> imply that the plaintiff's conviction was unlawful.  In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, which, we hold today, does <u>not</u> encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned).

10

Heck, 512 U.S. at 487 n.7.

The circuits are split as to the proper interpretation of footnote seven. At least three circuits have held that footnote seven creates a general exception to Heck for Fourth Amendment unreasonable search and seizure claims. See, e.g., Copus v. City of Edgerton, 151 F.3d 646, 648 (7th Cir. 1998); Simmons v. O'Brien, 77 F.3d 1093, 1095 (8th Cir. 1996); Datz v. Kilgore, 51 F.3d 252, 253 n.1 (11th Cir. 1995). Other circuits permit such claims to go forward only after the district court makes an individualized determination that a favorable ruling in that case would not undermine the related criminal conviction or pending criminal proceedings. See, e.g., Ballenger v. Owens, 352 F.3d 842 (4th Cir. 2003); Harvey v. Waldron, 210 F.3d 1008 (9th Cir. 2000); Shamaeizadeh v. Cunigan, 182 F.3d 391 (6th Cir.), cert. denied, 528 U.S. 1021 (1999); Hudson v. Hughes, 98 F.3d 868, 872 (5th Cir. 1996); Woods v. Candela, 47 F.3d 545, 546 (2d Cir.), cert. denied, 516 U.S. 808 (1995). Cf. Beck v. City of Muskogee Police Dept., 195 F.3d 553, 559 n.4 (10th Cir. 1999)(generally disagreeing with courts that make an individualized determination, but noting that the case before it was not the "rare situation ... where all evidence was obtained as a result of an illegal arrest").

Recently, the Third Circuit concluded that a Fourth Amendment claim can be brought under § 1983, even without

favorable termination, if the district court determines that success on the claim would not necessarily imply the invalidity of the conviction. Gibson, 411 F.3d at 435-39. However, in those cases in which a district court determines that success on the § 1983 claim would imply the invalidity of the conviction, the cause of action is deferred until the conviction is overturned pursuant to Heck. Id. Adopting a fact-based approach to interpreting footnote seven of Heck, the Third Circuit stated:

> . . . under Heck, a district court is required only to make a threshold determination as to whether a plaintiff's § 1983 claim, *if successful*, would have the hypothetical effect of rendering the criminal conviction or sentence invalid. If this threshold is satisfied, the district court's analysis is at an end, and the Heck deferred accrual rule is triggered.

Id. at 451.

In this case, the question whether Tagliamonte's claim has accrued is complicated by the fact that the federal criminal prosecution is ongoing. Cf. Smith v. Holt, 87 F.3d 108 (3d Cir. 1996) (claims that would necessarily imply the invalidity of a future conviction that might be entered on a pending criminal charge do not accrue so long as the potential for a judgment in the pending criminal prosecution continues to exist), cert. denied, 519 U.S. 1041 (1996); Shamalizadeh, supra (same); Covington v. City of New York, 171 F.3d 117 (2d Cir.) (same), cert. denied, 528 U.S. 946 (1999). If this unlawful search claim were permitted to proceed at this time, the very real possibility

12

exists that the civil rights action might produce a result at odds with that of the criminal proceeding, the very evil that the Heck rule is intended to avoid.  See Heck, 512 U.S. at 484-85. Thus, to the extent that plaintiff seeks damages related to his criminal prosecution based on a claim of an unlawful search and seizure, it would have the hypothetical effect of rendering his future conviction invalid.  Accordingly, the Heck deferred accrual rule is triggered and this claim must be dismissed without prejudice as premature.[4]

_____

[4]  Tagliamonte also seeks damages for the actual destruction and loss of some of his property that occurred during the search and seizure.  In Hector v. Watt, 235 F.3d 154 (3d Cir. 2001), the Third Circuit held:

> "Victims of unreasonable searches or seizures may
> recover damages directly related to the invasion of
> their privacy--including (where appropriate) damages
> for physical injury, property damage, injury to
> reputation, etc.; but such victims cannot be
> compensated for injuries that result from the discovery
> of incriminating evidence and consequent criminal
> prosecution."

235 F.3d at 157 (quoting Townes v. City of New York, 176 F.3d 138, 148 (2d Cir. 1999).  Here, Tagliamonte clearly seeks damages related to actual property damage sustained during the search and seizure.  However, this Bivens claim for damages is so inextricably linked to plaintiff's ongoing criminal prosecution such that the Court is constrained to dismiss the claim without prejudice.

This claim would not be saved from dismissal even if it is construed as a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679.  Generally, the FTCA provides for liability against the United States for certain negligent and intentional acts committed by federal employees.  The FTCA gives a district court exclusive jurisdiction over civil actions

---

[1] against the United States, [2] for money damages, ... [3] for injury or loss of property, ... [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995) (quoting 28 U.S.C. § 1346(b)); see also  Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 477 (1994); United States v. Muniz, 374 U.S. 150 (1963).  However, a district court lacks jurisdiction over a federal tort claim unless the claimant has first exhausted administrative remedies.  See  28 U.S.C. § 2675(a); see also McNeil v. United States, 508 U.S. 106 (1993); Deutsch, 67 F.3d at 1091.  Specifically, 28 U.S.C. § 2675(a) provides, in pertinent part:

An action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

Additionally, a tort claim against the USA is time-barred unless a claimant presents the claim in writing to the appropriate Federal agency within two years after the claim accrues, and files the action in the district court within six months of notice by certified or registered mail of a final decision of the claim by the agency to which it was presented. See 28 U.S.C. § 2401(b); Pascale v. United States, 998 F.2d 186, 190 (3d Cir. 1993).  The requirements that a claimant timely present his claim and that he do so in writing for a sum certain are jurisdictional prerequisites to a suit in the district court. Deutsch, 67 F.3d at 1091.  Here, Tagliamonte does not allege that he has presented his  property damage claim to the appropriate federal agency.  Hence, any claim under the FTCA would be subject to dismissal for failure to exhaust administrative remedies.

14

B.   Claim Against Assistant U.S. Attorney

Tagliamonte also asserts a claim against John Doe, AUSA as the federal attorney prosecuting criminal proceedings against him.  In particular, plaintiff alleges that this defendant condoned the illegal search and used the evidence seized to prosecute plaintiff in a federal criminal proceeding.

"[A] state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983.  Imbler v. Pachtman, 424 U.S. 409, 410 (1976).  See also Kulwicki v. Dawson, 969 F.2d 1454, 1465 (3d Cir. 1992); Schrob v. Catterson, 948 F.2d 1402, 1417 (3d Cir. 1991); Rose v. Bartle, 871 F.2d 331, 345 and n.12 (3d Cir. 1989).  A prosecutor's appearance in court as an advocate in support of an application for a search warrant and the presentation of evidence at such a hearing are protected by absolute immunity.  Burns v. Reed, 500 U.S. 478, 492 (1991).  Similarly, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."  Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

Prosecutors also are absolutely immune from a civil suit for damages under § 1983 for: (1) instituting grand jury proceedings without proper investigation and without a good faith belief that

15

any wrongdoing occurred, Schrob, 948 F.2d at 1411; Rose v. Bartle, supra; (2) initiating a prosecution without a good faith belief that any wrongdoing has occurred, Kulwicki, 969 F.2d at 1463-64; (3) soliciting false testimony from witnesses in grand jury proceedings, probable cause hearings, and trials, Burns, 500 U.S. at 490; Kulwicki, 969 F.2d at 1467; and (4) the knowing use of perjured testimony in a judicial proceeding, Imbler, 424 U.S. at 424-27; Schrob, 948 F.2d at 1417; Brawer v. Horowitz, 535 F.2d 830 (3d Cir. 1976).

Thus, a prosecutor is absolutely immune when making a decision to prosecute, "even where he acts without a good faith belief that a wrongdoing has occurred." Kulwicki, 969 F.2d at 1463-64; Rose, 871 F.2d at 343. In this regard, a falsely-charged defendant may be "remedied by safeguards built into the judicial system," such as dismissal of the charges. Kulwicki, 969 F.2d at 1464.

Here, Tagliamonte essentially alleges that the prosecuting attorney in this instance, John Doe, AUSA, wrongfully supported the postal inspectors' illegal search and seizure and is using the evidence wrongfully seized to prosecute plaintiff. However, plaintiff fails to demonstrate defendant John Doe, AUSA, was acting outside his official prosecutorial role. Thus, this defendant is protected by immunity from a damages lawsuit for

16

conduct during pre-trial and trial proceedings, pursuant to 28
U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

Moreover, any claim that Tagliamonte raises with respect to
alleged prosecutorial misconduct may be construed as an attempt
to challenge the federal criminal charges against him in an
effort to have the charges dismissed.  These claims should
properly be raised in Tagliamonte's pending criminal proceedings.
These proceedings are pending before this Court in U.S.A. v.
Tagliamonte, 04-cr-701 (DMC), and trial is scheduled in March
2006.

C.   RICO Claim

Tagliamonte also asserts a claim under the civil RICO
statute as against the defendants with respect to their alleged
"warrantless" search and plaintiff's criminal prosecution.

To state a civil RICO claim under 18 U.S.C. § 1962(c), the
applicable section as construed by the Court based on
Tagliamonte's minimally alleged claim, Tagliamonte must plead the
following four elements:  (1) the existence of an enterprise
affecting interstate commerce; (2) that the defendants were
associated with the enterprise; (3) that the defendants
participated, either directly or indirectly, in the conduct or
affairs of the enterprise; and (4) that defendants participated
through a pattern of at least two racketeering acts.  See Sedima,
S.P.R.L. v. Imrex Company, Inc., 473 U.S. 479, 496 (1985); Poling

17

v. K. Hovnanian Enterprises, 99 F. Supp. 2d 502, 507 (D.N.J. 2000). In addition, Tagliamonte must allege that he has been injured in his business or property, *i.e.,* an economic injury, as a result of the alleged racketeering activity. Sedima, S.P.R.L., 473 U.S. at 496.

Here, the Complaint wholly fails to identify an enterprise, or any particular acts of alleged racketeering necessary to support a civil RICO claim. Nor does Tagliamonte allege any pattern of racketeering activity. Thus, the Complaint is devoid of certain pleaded and particularized factual allegations necessary to support the statutory requirements of a RICO claim. Accordingly, because Tagliamonte does not assert the necessary elements of a civil RICO claim or any factual or legal basis to raise a viable claim under the RICO statute, this claim will be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

V.   CONCLUSION

For all of the reasons set forth above, the Complaint must be dismissed with prejudice in its entirety as against the defendants, the U.S. Postal Inspection Service and John Doe, AUSA, for failure to state a cognizable claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and because defendant, John Doe, AUSA, is protected by immunity, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2). In addition, plaintiff's claims under the RICO and federal whistleblower

18

statutes must be dismissed, as against all defendants, for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  Finally, plaintiff's <u>Bivens</u> claim alleging an unlawful and unreasonable search and seizure in violation of the Fourth Amendment will be dismissed without prejudice against the remaining U.S. Postal Inspectors for failure to state a claim. Plaintiff's application for appointment of counsel will be dismissed as moot.  An appropriate Order follows.

_____
DENNIS M. CAVANAUGH
United States District Judge

Dated: 3/10/06