NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD TAGLIAMONTE, | |
| Plaintiff, | **Hon. Dennis M. Cavanaugh** |
| v. | **OPINION** |
| WILLY WANG, *et al.*, | Civil Action No. 05-cv-4614 (DMC) |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court on remand from the Third Circuit pursuant to Tagliamonte v. Wang, 2009 U.S. App. LEXIS 17902 (3d Cir. N.J. Aug. 12, 2009). The case was remanded for this Court to determine whether Richard Tagliamonte ("Plaintiff") may proceed on his Fourth Amendment claims against Willy Wang and several unnamed federal officers (collectively, "Defendants"). Plaintiff seeks monetary damages for an allegedly unlawful search of his apartment.

On March 10, 2006, this Court dismissed Plaintiff's Fourth Amendment civil claims[1] as premature under Heck v. Humphrey, 512 U.S. 477 (1994). The Heck Court held that before a criminal defendant may seek damages for an alleged constitutional violation which, if proved, would invalidate his or her conviction, the plaintiff must obtain a reversal of the conviction. Id. This Court

---

[1] Plaintiff brings his claims pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (holding that a violation of the Fourth Amendment's command against unreasonable searches and seizures, by a federal agent acting under color of federal authority, gives rise to a federal cause of action for damages).

initially determined that Plaintiff's civil claims, if successful, could produce a result inconsistent with his criminal conviction. This Court, accordingly, dismissed the claims without prejudice.

For the reasons set forth below, Plaintiff's civil claims may proceed.[2]

## I. BACKGROUND

In October 2004, Plaintiff was indicted in federal court on charges of credit card fraud and mail fraud. On September 22, 2005, while his criminal matter was pending, he filed this civil suit. In this suit, Plaintiff asserts that during the course of the investigation leading to his indictment, Defendants Wally Wang, a U.S. postal inspector, and other John Doe postal inspectors, conducted an unlawful search of his apartment.

Plaintiff alleges that on January 14, 2004, Defendants conducted an illegal warrantless search of his apartment. He asserts that these officials seized, damaged and removed some of his personal property, in violation of the Fourth Amendment. Later on that same day he was arrested. On January 15, 2004, pursuant to a warrant, Defendants searched Plaintiff's apartment and discovered fraudulent credit cards, checks and identity documents.

During his criminal proceedings, Plaintiff argued that the alleged January 14th search was unlawful, and that the evidence obtained during that search (and the subsequent January 15th search), was tainted and therefore inadmissible. Although there were conflicting assertions as to whether the January 14, 2004 search occurred, this Court assumed, without deciding, that the "federal agents did

---

[2] Plaintiff filed an application on September 21, 2009, asking this Court to recuse itself in the interest of justice. Plaintiff asserts that it would be "extraordinarily difficult, if not impossible" for this Court to fairly consider his claims in light of the Third Circuit's remand. This contention is legally and factually without merit, see Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."), and his application is denied.

enter Defendant's apartment initially without a warrant." See Tagliamonte v. Wang, 2009 U.S. App. LEXIS 17805, at *10-12 (3d Cir. N.J. Aug. 10, 2009).[3]  This Court concluded, however, that untainted information contained in the warrant affidavit was adequate to support the issuance of the warrant, as "it is well-settled within the Third Circuit that, 'even assuming some factual averments in the affidavit are tainted, they do not vitiate a warrant which is otherwise validly issued upon probable cause reflected in the affidavit.'" Id. (quoting United States v. Burton, 288 F.3d 91, 103 (3d Cir. 2002) (internal citation omitted)).  Accordingly, this Court ruled that even assuming the initial search occurred and was unlawful, the January 15th search was properly supported by a warrant, and the resulting evidence was admissible.  Plaintiff was ultimately convicted of violating various federal anti-fraud laws.

The Third Circuit affirmed this Court's evidentiary ruling, and determined that "any constitutional violation was harmless." Id. at 12.  The Court noted that Plaintiff did not argue "that the warrant affidavit contained information gleaned from the [January 14th] warrantless search, or that information procured through lawful means, and included in the affidavit, was insufficient to sustain the issuance of the warrant." Id. (citing Burton, 288 F.3d at 103).  Further, Plaintiff did not

---

[3] Plaintiff bases his assertion on statements made by the superintendent of his residence, Lorenzo Pena, and the superintendent's wife, Ms. Betancourt, to the government.  Pena and Betancourt indicated that federal agents searched Plaintiff's apartment on January 14, 2004, for approximately two hours.  Pena did state, however, that "he did not see any of the agents remove any contents of the apartment at that time," but that he "could not be positive."  The government introduced affidavits of Defendant Wally Wang and David Herr, a Special Agent for the FBI, who, in contrast, denied that the warrantless entry occurred.  See Tagliamonte v. Wang, 2009 U.S. App. LEXIS 17805 (3d Cir. N.J. Aug. 10, 2009).

For the purposes of this Opinion, the Court will presume that the January 14, 2004 search occurred.

"contend that information gleaned from the initial search influenced the government's decision to procure a search warrant." Id. (citing United States v. Perez, 280 F.3d 318, 340 (3d Cir. 2002) and United States v. Herrold, 962 F.2d 1131, 1144 (3d Cir. 1992)).  Therefore, even assuming the January 14th warrantless search occurred, the Third Circuit concluded that there was no "causal link between the [alleged] warrantless entry and the procurement of the search warrant–to explain how the search warrant, or the information included therein, impermissibly included fruits of the initial unlawful search." Id.  Accordingly, the January 15th search was conducted pursuant to a valid warrant, and the resulting evidence was admissible in the criminal trial.

In this civil suit, Plaintiff seeks monetary damages as well as exemplary and punitive damages and compensation for emotional harm caused by the January 14, 2004 search.  Plaintiff's claims are essentially two-fold: (1) damages to redress the alleged violation of his 4th Amendment rights resulting from the search, and (2) compensation for damage allegedly caused to his property during the course of his search.

## II.  APPLICABLE LAW

Pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), plaintiffs may bring civil suits to seek redress for violations of their constitutional rights under the Fourth Amendment for unlawful searches and seizures.[4]  Prior to considering a Bivens claim, however, the Court must determine whether the claim is barred from proceeding under Heck

---

[4] In order to state a claim under Bivens, a claimant must make two showings:  (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law.  See Mahoney v. Nat'l Org. For Women, 681 F. Supp. 129, 132 (D. Conn. 1987) (citing Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56 (1978)).

v. Humphrey, 512 U.S. 477 (1994).

In Heck, the Supreme Court barred any suit for damages premised on a civil rights violation if the basis for the suit is inconsistent with or would undermine the lawfulness of a conviction or sentence. 512 U.S. at 486-87. The Supreme Court held that

> [i]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable[.]

Id. (internal citations omitted).[5] Therefore, before a criminal defendant may seek damages for an alleged constitutional violation which, if proved, would invalidate his or her conviction, the plaintiff must obtain a reversal of the conviction. This is the so-called "Heck bar" on civil claims.

The Supreme Court further instructed district courts that to determine whether the bar applies, success on the civil claim must "**necessarily** imply" the invalidity of a criminal judgment. Heck, 512 U.S. at 487 n.7 (emphasis added). The Court explained that,

> [f]or example, a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the . . . plaintiff's still-outstanding conviction. Because

---

[5] The Heck decision was issued in the context of a 1983 claim against state officials. The holding, however, is also applicable in cases, where as here, claims are brought against federal officials. Although it is clear that a civil action for damages may be asserted against federal officials who violate clearly established constitutional rights, see Bivens, 403 U.S. 388 at 397, "the Heck Court recognized that requiring a plaintiff to demonstrate that the criminal proceeding terminated in his favor precludes the possibility of the claimant succeeding in the tort action after having been convicted . . . [in view] of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." Abdel-Whab v. Orthopedic Ass'n of Dutchess County, 415 F. Supp. 2d 293, 306 (S.D.N.Y. 2006) (internal citations omitted).

>of doctrines like independent source and inevitable discovery, and especially harmless error, such a[n] action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful.

Id. The Third Circuit has observed that "under Heck, a district court is required only to make a threshold determination as to whether a plaintiff's. . . claim, if successful, would have the hypothetical effect of rendering the criminal conviction or sentence invalid[; and i]f this threshold is satisfied, the district court's analysis is at an end, and the Heck deferred accrual rule is triggered." See Gibson v. Superintendent of N.J. Dep't of Law and Pub. Safety, 411 F.3d 427, 451.  A plaintiff's civil claims, in contrast, may proceed where success on the claims would not necessarily render the criminal conviction or sentence invalid. See id. at 435-39; Simpson v. Rowan, 73 F.3d 134, 136 (7th Cir. 1995); cf. Ballenger v. Owens, 352 F.3d 842, 846 (4th Cir. 2003).

### III. DISCUSSION

This Court must determine whether Plaintiff's Bivens claims may proceed.  The question for the Court, then, is whether success on Plaintiff's claims would "necessarily imply" that his criminal conviction was contrary to law.  See Heck, 512 U.S. at 487 n.7; see also note 5, supra.  For the reasons stated below, the Court finds that Plaintiff's claims, if successful, would not necessarily invalidate his criminal conviction, and may therefore proceed notwithstanding the dictates of Heck.

As noted above, Plaintiff's claims against the federal agents are essentially two-fold: **(A)** a claim for damages for the alleged violation of his 4th Amendment rights, **(B)** a claim for damages to compensate him for the destruction of his property during the course of the search.  The Court will separately address each claim.

-6-

### A.  DAMAGES FOR THE ALLEGED VIOLATION OF PLAINTIFF'S 4TH AMENDMENT RIGHTS RESULTING FROM THE JANUARY 14, 2004 SEARCH OF HIS APARTMENT

Plaintiff's first claim, alleging a violation of his 4th Amendment rights, if successful, would not necessarily invalidate his criminal conviction. The claim, therefore, is not barred under Heck.

Even if Plaintiff demonstrates that the alleged January 14, 2004 warrantless search was unlawful, the evidence obtained during the January 15, 2004 search would still have been admitted at trial. See Tagliamonte, 2009 U.S. App. LEXIS 17805, at *11-12. This follows from the fact that the subsequent search was conducted pursuant to a valid warrant. Id. The warrant was properly supported by an affidavit, and the affidavit's sufficiency was not based upon information obtained during the initial warrantless search. Id. Nor did the initial search provide Defendants with a reason to conduct the January 15th search. Id. The lawfulness of the January 14th search, therefore, has no bearing on whether evidence obtained in the January 15th search could be admitted to support Plaintiff's conviction–any evidence obtained unlawfully would have been admissible pursuant to the independent source doctrine, which holds that evidence originally uncovered during an illegal search is admissible if it was also later obtained through an independent lawful search. See Gibson, 411 F.3d at 447-48; see also id. at *12 (concluding that "any constitutional violation was harmless").

As the evidence obtained during the January 15th search was admissible at trial, a finding that the January 14th search was unlawful would not impinge on Plaintiff's conviction. Accordingly, Plaintiff could potentially prevail on his Bivens claim without invalidating his criminal conviction.

### B.  COMPENSATION FOR DAMAGE CAUSED TO PLAINTIFF'S PROPERTY DURING THE COURSE OF THE JANUARY 14, 2004 SEARCH

Plaintiff's second claim is one for monetary damages to compensate him for the destruction of certain property during the course of the federal agents' search of his apartment. As above, the

-7-

Court has determined that Plaintiff's claim may proceed.

It is clear that "[v]ictims of unreasonable searches or seizures may recover damages directly related to the invasion of their privacy–including (where appropriate) damages for physical injury, property damage, injury to reputation, etc." See Hector v. Watt, 235 F.3d 154, 157 (3d Cir. 2001). Where, as here, a plaintiff brings a claim for property damage, such a claim does not necessarily call into question the admissibility of the evidence uncovered during the search. See Harper v. Jackson, 293 Fed. Appx. 389, 392 (6th Cir. 2008); Golliher v. Jackson County, 269 Fed. Appx. 590, 590 (7th Cir. Ill. 2008) (unpublished); Clark v. Murphy, 2009 U.S. Dist. LEXIS 30227, at *21-23 ( E.D. Mich. Feb. 10, 2009). The claim, therefore, does not challenge the validity of Plaintiff's related criminal conviction, and the Heck bar does not apply.

As Plaintiff's property damage claim, if successful, would not necessarily invalidate his criminal conviction, Heck does not prevent him from proceeding on the claim.

## IV. **CONCLUSION**

For the reasons discussed above, this Court finds that Plaintiff may proceed on his Bivens claims.

                               S/ Dennis M. Cavanaugh
                               Dennis M. Cavanaugh, U.S.D.J.

Date:          January   27  , 2010
Orig.:         Clerk
cc:            All Counsel of Record
               Hon. Mark Falk, U.S.M.J.
               File