NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RICHARD TAGLIAMONTE | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | **OPINION** |
| v. | : | Civil Action No.: 2:05-cv-04614 (DMC)(JAD) |
| WALLY WANG, *et al.* | : | |
| Defendants | : | |

DENNIS M. CAVANAUGH, U.S.D.J.

This matter comes before the Court upon motion by Jeff Welz, public safety director of Weehawken, New Jersey, and the Weehawken John Doe Defendants ("Defendants") to dismiss the complaint as to them pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons contained herein, the motion is **granted**.

**I.      BACKGROUND**

This case has a long and interesting procedural history. It began with the indictment of Plaintiff on charges of credit card and mail fraud in October, 2004. On September 22, 2005, prior to any adjudication of Plaintiff's criminal indictment, Plaintiff filed a complaint, asserting that in the course of the investigation leading to his indictment, defendants Wally Wang, a U.S. postal inspector, and other John Doe postal inspectors, as well as a John Doe United States Attorney in

2

New Jersey, unlawfully searched his apartment in violation of the Fourth Amendment to the United States Constitution, and damaged property therein. On March 15, 2006 this Court ordered that Plaintiff's complaint be dismissed based on the Court's belief that Plaintiff's Fourth Amendment claims were premature under *Heck v. Humphrey,* 512 U.S. 477 (1974). Plaintiff appealed, and the Third Circuit vacated the judgment, and remanded for this Court to reconsider the propriety of allowing Plaintiff's civil claims to proceed. This Court, in an order and opinion issued on January 27, 2010, allowed Plaintiff's suit to proceed.

In the interim, between the filing of Plaintiff's initial complaint, and the instant motion, Plaintiff was convicted after a jury trial, and sentenced by this Court to a period of incarceration. Plaintiff appealed his conviction, and on August 10, 2009 the Third Circuit affirmed the judgment and sentence. In the meanwhile, Plaintiff filed an amended complaint in this civil case on February 24, 2010.[1] The amended complaint added new Defendants, based on a new theory which Plaintiff maintains he was not, nor could have been, aware of until the actions of the new Defendants came to his attention during his criminal trial in 2007. The instant motion to dismiss involves only these new defendants, namely Jeff Welz, the public safety director of Weehawken, New Jersey, and the Weehawken John Doe Defendants. None of the other named and unnamed Defendants are implicated in the Court's decision as to the instant motion, and the discrete issue it presents.

---

[1] Defendants maintain that Plaintiff did not receive permission from the Court to file the amended complaint, despite his letter motion requesting leave. The Court declines to decide on that basis, noting that the pleadings of *pro se* litigants are held to less stringent standards than those drafted by lawyers. (*See Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

## II. LEGAL STANDARD

### A. Fed. R. Civ. P. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). The complaint must state " 'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Wilkerson v. New Media Tech. Charter School Inc.,* 522 F.3d 315, 321 (3d Cir.2008) ( quoting *Twombly,* 550 U.S. at 556). The Court of Appeals has recently made clear that after *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937, 1955, 173 L.Ed.2d 868 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir.2009) ( quoting *Iqbal,* 129 S.Ct. at 1949). The Court also set forth a two part-analysis for reviewing motions to dismiss in light of *Twombly* and *Iqbal:* "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal

conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' " *Id.* at 210-11 ( *quoting Iqbal,* 129 S.Ct. at 1950). The Court explained, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Id.* (citing *Phillips v. County of Allegheny,* 515 F.3d 224, 234-35 (3d Cir.2008)). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949.

B. Statute of Limitations

The Third Circuit explained in *Brown v. Foley* 810 F.2d 55, 56 (C.A.3 (N.J.),1987) "that the statute of limitations to be applied in all cases brought under § 1983 is the statute of limitations of the state involved which applies to actions for personal injuries. In New Jersey that statute is N.J.S.A. 2A:14-2, which provides that an action for injury to the person caused by wrongful act, neglect or default must be commenced within two years of the accrual of the cause of action."

C . Fed. R. Civ. P. 15(c)

Fed. R. Civ. P. 15(c) states, in relevant part, that "[A]n amendment to a pleading relates back to the date of the original pleading when: **(A)** the law that provides the applicable statute of limitations allows relation back; **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or **(C)** the amendment changes the party or the naming of the party against whom a

5

claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

### III.   DISCUSSION

Defendants argue that Plaintiff's amended complaint as to them is barred by the statute of limitations because it was filed more than six years after the last act alleged to have been committed by the Weehawken Defendants. (ECF Doc. 29-1, page ID 156). The Court agrees[2].

As previously stated, the applicable statute of limitations in New Jersey is two years. Plaintiff's complaint can only survive a motion to dismiss on statute of limitations grounds if he can plausibly show that the amended complaint relates back to the original complaint. Fed. R. Civ P. 15(c)(1)(B) states, in pertinent part, that to relate back, the amendment must "assert(s) a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading[.]" In this case, the conduct, transaction or occurrence of which Plaintiff complained when he first filed this suit in 2005 involved an alleged illegal search of Plaintiff's apartment and destruction of his property that occurred on January 14, 2003. Nowhere in the original complaint does Plaintiff allude to a traffic stop made by Weehawken police in December, 2003, although he clearly knew at the time he filed the original complaint that it had

---

[2]The Court notes that Plaintiff has additionally failed to state a cause of action against Defendant Welz. Because the statute of limitations bars all of Plaintiff's claims as to these Defendants, including Defendant Welz, the Court need not elaborate on the deficiencies in the pleadings that make it unsustainable as to Defendant Welz.

6

occurred. The same traffic stop is referred to in the sworn affidavit of Defendant Wally Wang that accompanied the amended criminal complaint filed against Mr. Tagliamonte on January 16, 2004. In that sworn and signed statement, Defendant Wang recites a sequence of events that began on December 22, 2003 when Wang "received a financial crimes investigative fraud report" about a "potentially fraudulent credit card application." Wang's investigation revealed that the fraudulent card had been used to pay "a parking summons in New York City." From the license plate number for the car that received the parking summons, Wang "discovered that the car had been stopped by police in Weehawken New Jersey in December, 2003." (Case 04-cr-00701, Doc. 8, page ID 9). Nowhere in Plaintiff's amended complaint or his reply to Defendant's motion to dismiss does he explain what new information revealed at trial or elsewhere led him to the conclusion that the December, 2003 traffic stop in Weehawken was in any way related to the events that allegedly occurred on January 14, 2004, especially in light of Defendant Wang's affidavit alleging that the traffic stop occurred before the investigation that gave rise to the search had even begun or been contemplated. He offers nothing to refute Defendant Wang's contention that the traffic stop was unrelated to the subsequent arrest and search of Plaintiff's apartment. This is not a case where new information has been revealed that gives rise to a colorable allegation that the events in the original complaint and the earlier traffic stop were related. The only thing that the traffic stop and the allegedly illegal search had in common was that they both involved the same individual, Mr. Tagliamonte. To assert that they are related, based only on the fact that Mr. Tagliamonte was questioned but not issued a summons by Weehawken police, is absurd. There is simply no plausible connection between the traffic stop and the illegal search. Even if there were something more than a bare assertion that the traffic stop was pretextual as

part of the ongoing criminal investigation of the credit card and mail fraud allegations, the mere fact of the stop does not give rise to the complaint that Plaintiff has lodged. By his own admission, Plaintiff was evasive about his exact address. It is impossible to imagine that police received enough information from the traffic stop on which to predicate their allegedly illegal search of Plaintiff's apartment several weeks later. Without the causal connection, there is no way that the traffic stop relates back to the original complaint, even if the Court assumes for sake of argument that the stop and the search were both part of the same criminal investigation. Although Plaintiff further alleges that "by the United States Postal Inspection Service's ("Postal") own admission in an interrelated matter, they stated at least one Weehawken law enforcement employee played a critical role on January 13-14, 2004." (ECF Doc. 37, page ID 243), the Court's examination of the documents in this case reveal no such admission, and Plaintiff has not cited to any statements or documents that would flesh out his bare assertion.

Plaintiff would have the Court excuse the "inadvertence, omission or mistake" that led to his failure to plead any involvement by the Weehawken Defendants in his original complaint. Plaintiff fails to recognize that the purpose of Fed. R. Of Civ. P. 15 is not to correct inadvertence, omission or mistake on the part of the Plaintiff, especially in a case such as this in which Defendants were never put on notice that they might be held liable. Rule 15 protects the rights of Plaintiffs, and therefore creates a mechanism by which newly discovered facts may be alleged subsequent to the initial complaint if they truly relate back. But Rule 15 also protects the rights of Defendants, and therefore requires that they can only be added if they " knew or should have known that the action would have been brought against it, but for a mistake concerning the party's proper identity." Here, Rule 15 serves to protect Defendants who were never even alluded

8

to in the original complaint, and who therefore had no reason to anticipate that they might be haled into court six years later.

## IV.    CONCLUSION

For the reasons contained herein, Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is **granted**. An appropriate Order accompanies this Opinion.

                                                                    S/ Dennis; M. Cavanaugh  
                                                                    Dennis M. Cavanaugh, U.S.D.J.

Date:            February   17  , 2011  
Original:        Clerk  
cc:              All Counsel of Record  
                Hon. Joseph A. Dickson, U.S.M.J.  
                File